Brewster H. Jamieson, ABA No. 8411122
David Schoeggl, ABA No. 0511090
LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-264-3325
            206-223-7383
Facsimile: 907-276-2631
Email:     jamiesonb@lanepowell.com
           schoeggl@lanepowell.com

Jeffrey D. Laveson, (*pro hac vice pending*)
Linda B. Clapham, (*pro hac vice pending*)
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Telephone: (206) 622-8020
Facsimile: (206) 467-8215
Email:     laveson@carneylaw.com
           clapham@carneylaw.com
           cosgrove@carneylaw.com

Attorneys for Plaintiff
United States Liability Insurance Group

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY,<br><br>                               Plaintiff,<br><br>v.<br><br>PROWLER, LLC; ALASKA LONGLINE, LLC, OCEAN PROWLER, LLC and PROWLER FISHERIES, LLC.,<br><br>                              Defendants. | Case No. 3:16-cv-00297-HRH<br><br>**COMPLAINT FOR DECLARATORY <u>RELIEF AND DAMAGES</u>** |

### I. NATURE OF THE CASE

1. This is an action for declaratory relief and damages arising from the Defendants' wrongful interference with Plaintiff United States Liability Insurance Company's ("USLI") right

and duty to defend an underlying lawsuit against the Defendants under an Employment Practices Liability insurance policy; and the Defendants' wrongful interference with USLI's right and duty to attempt to settle the underlying lawsuit for a reasonable and appropriate amount. Defendants' wrongful interference and collusion with the underlying plaintiff was (1) in violation of the express conditions of the policy; (2) a breach of the implied covenant of good faith and fair dealing; (3) in violation of the doctrine of *uberimae fidei;* (4) a violation of the insurers rights under the policy and the law; and (5) an improper action that prevented USLI from fulfilling its obligations under the policy and proximately caused damage to USLI.

## II. PARTIES

2. Plaintiff United States Liability Insurance Company ("USLI") is a corporation formed under the laws of Pennsylvania, has its principal place of business in Radnor, Pennsylvania, and at all times relevant hereto was doing business in the State of Alaska.

3. Defendant Prowler, LLC is a limited liability company formed under the laws of Alaska in 1997, and was at all times relevant hereto doing substantial business in the State of Alaska. On information and belief, Defendant Prowler, LLC's principal place of business is in Alaska. Defendant Prowler, LLC is owned by Defendant Alaska Longline, LLC.

4. Defendant Alaska Longline, LLC is a limited liability company formed under the laws of Washington. At all times relevant hereto, Defendant Alaska Longline, LLC was doing substantial business in the State of Alaska. Defendant Alaska Longline, LLC's successor in interest is Defendant Prowler Fisheries, LLC.

5. Defendant Ocean Prowler, LLC is a limited liability company formed under the laws of Alaska in 1997, and was at all times relevant hereto doing substantial business in the State of Alaska. On information and belief, Defendant Ocean Prowler, LLC's principal place of business is in Juneau, Alaska. Defendant Ocean Prowler, LLC owns Alaska Longline, LLC.

**Complaint for Declaratory Relief and Damages**
*United States Liability Insurance Company v. Prowler, LLC, et al.* **(Case No. 3:16-cv-00297-HRH)** Page 2 of 11

Case 3:16-cv-00297-HRH   Document 1   Filed 12/29/16   Page 2 of 11

6. Defendant Prowler Fisheries, LLC is a limited liability company formed under the laws of Alaska in 2009; and was at all times relevant hereto doing substantial business in the State of Alaska. On information and belief, Defendant Prowler Fisheries, LLC's principal place of business is Juneau, Alaska. Defendant Prowler Fisheries, LLC is the successor to Alaska Longline, LLC.

### III. JURISDICTION AND VENUE

7. Plaintiff USLI issued Employment Practices Liability Insurance Policy EPL 1007466G to Defendant Prowler, LLC in Petersburg, Alaska ("the EPL Policy"). A copy of the EPL Policy is attached hereto as Exhibit 1. The terms, conditions, exclusions, and other policy provisions of the EPL Policy are incorporated herein by reference. The purpose of the EPL Policy was to provide certain employment-related insurance coverage for claims made by the crew of the Defendants' vessels and by other employees.

8. The Court has personal jurisdiction over Defendant Alaska Longline, LLC under Alaska's Long Arm Statute, AS 09.05.015, because at all times relevant hereto it conducted business in Dutch Harbor, Alaska, and in Juneau, Alaska; it claims insurance coverage under the EPL Policy issued in Alaska; and the events for which insurance coverage is claimed took place in Alaska.

9. Under AS 09.05.015, the Court has personal jurisdiction over Prowler, LLC; Defendant Ocean Prowler, LLC; and Defendant Prowler Fisheries, LLC, because at all times relevant hereto, each Defendant was incorporated in Alaska; each Defendant conducted substantial business in Alaska; each Defendant claims insurance coverage under the EPL Policy issued in Alaska; and the events for which insurance coverage is claimed happened in Alaska.

10. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because all Defendants are citizens of states other than the state where Plaintiff is a citizen, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Complaint for Declaratory Relief and Damages**
*United States Liability Insurance Company v. Prowler, LLC, et al.* **(Case No. 3:16-cv-00297-HRH)** Page 3 of 11

Case 3:16-cv-00297-HRH   Document 1   Filed 12/29/16   Page 3 of 11

11. Subject matter jurisdiction is also proper under 28 U.S.C. § 1333 because the insurance claims at issue arise from maritime claims and concern an essential principal of federal maritime law – the doctrine of *uberimae fidei* – utmost good faith; thereby invoking admiralty jurisdiction.

12. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c)(2), and (d) because Defendants are domiciled in and/or transact substantial business in this judicial district; the events giving rise to this lawsuit occurred in this judicial district; and Defendants are subject to the Court's personal jurisdiction with respect to this action.

## IV. FACTS

13. USLI provided claims-made Employment Practices Liability coverage to the Defendants under Policy No. EPL1007466G. The policy limit is $1 million.

14. The Defendants are in the business of owning and operating fishing and fish processing vessels that are based in Dutch Harbor, Alaska.

15. Francisco Miranda was employed on the fishing vessel F/V OCEAN PROWLER, owned and/or operated by the Defendants.

16. Francisco Miranda filed a "charge" against the Defendants with the United States EEOC on or about March 15, 2012, alleging employment discrimination and wrongful termination under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. Mr. Miranda's EEOC charge against the Defendants arose from his employment while at sea on the Insured's fishing vessel F/V OCEAN PROWLER.

17. The Defendants, through their insurance broker, notified USLI of the EEOC charge on March 27, 2012.

18. On March 28, 2012, USLI acknowledged receipt of the notice and retained attorney Steven Goldstein of the law firm of Betts Patterson & Mines to provide a defense to the Defendants.

**Complaint for Declaratory Relief and Damages**
*United States Liability Insurance Company v. Prowler, LLC, et al.* **(Case No. 3:16-cv-00297-HRH)    Page 4 of 11**

Case 3:16-cv-00297-HRH   Document 1   Filed 12/29/16   Page 4 of 11

19. In early 2014, the Defendants, USLI, and Mr. Miranda agreed to and participated in an early mediation, but it was unsuccessful.

20. At the conclusion of the first mediation, Mr. Miranda's demand was substantially in excess of the EPL Policy limit.

21. In his pre-mediation brief, Mr. Miranda, for the first time, alleged claims for punitive damages and bodily injury. On this basis, in May 2014, USLI issued a limited reservation of rights letter invoking the EPL Policy exclusions for punitive damages and for certain bodily injury claims.

22. Mr. Miranda commenced litigation against the Defendants in King County Superior Court, Washington, in November 2014 ("Underlying Lawsuit"). The case was removed to the United States District Court, Western District of Washington, Seattle, in January 2015. The Underlying Lawsuit is currently pending against the Defendants in the United States District Court, Western District of Washington at Seattle, under Cause No. 2:15-cv-00148TSZ

23. Mr. Miranda filed a First Amended Complaint for Damages in the Underlying Lawsuit in August 2015.

24. A second mediation was agreed to by Mr. Miranda, by the Defendants, and by USLI, in early 2016. The second mediation was conducted on or about February 23, 2016. At the time of the second mediation, little if any formal discovery had taken place; Mr. Miranda had not yet been deposed, and the scheduled trial date in the Underlying Lawsuit was over a year away.

25. Prior to the second mediation, USLI was advised that Mr. Miranda would lower his original settlement demand to an amount within the EPL Policy limit if the Defendants increased their settlement offer. This was agreed to by USLI.

**Complaint for Declaratory Relief and Damages**
*United States Liability Insurance Company v. Prowler, LLC, et al.* **(Case No. 3:16-cv-00297-HRH)**   Page 5 of 11

Case 3:16-cv-00297-HRH   Document 1   Filed 12/29/16   Page 5 of 11

26. In anticipation of the second mediation, defense counsel provided USLI with a settlement valuation. The amount of defense counsel's settlement valuation was well within the EPL Policy limits.

27. USLI attended the second mediation with settlement authority that was consistent with defense counsel's reported settlement valuation.

28. During the second mediation, Mr. Miranda's attorney threatened to end settlement negotiations unless USLI increased its settlement offer to an amount that substantially exceeded defense counsel's recommended settlement valuation as well as USLI's own evaluation and settlement authority.

29. Mr. Miranda's attorney refused to further negotiate, ending the second mediation.

30. At the conclusion of the second mediation, defense counsel unexpectedly and significantly increased his recommended settlement valuation – though little or no formal discovery had yet taken place. USLI requested and defense counsel agreed to pursue initial defense discovery in an attempt to support a larger defense settlement offer. USLI understood this discovery would include updated employment records and Mr. Miranda's deposition. At this point, the scheduled trial date was still over a year away.

31. On April 21, 2016, Mr. Miranda's counsel wrote to defense counsel unilaterally imposing a May 9, 2016 deadline to accept Mr. Miranda's last demand under threat of withdrawing Mr. Miranda's last offer and moving forward with discovery.

32. On May 2, 2016, USLI received a letter from the Defendants' personal counsel insisting that USLI comply with Mr. Miranda's demand by the May 9, 2016 deadline. In the alternative, the Insured's personal counsel demanded that USLI waive all coverage reservations and waive the applicable $1 million policy limit. At this point, the trial date was still over a year away, little if any formal discovery had been conducted, and USLI had not yet received the

**Complaint for Declaratory Relief and Damages**
*United States Liability Insurance Company v. Prowler, LLC, et al.* **(Case No. 3:16-cv-00297-HRH)   Page 6 of 11**

Case 3:16-cv-00297-HRH   Document 1   Filed 12/29/16   Page 6 of 11

discovery promised by defense counsel and necessary to justify an increase in settlement authority.

33. USLI responded to the Defendants' demand in writing on May 5, 2016 with assurances that USLI would continue to vigorously defend Alaska Longline, and with an explanation that USLI required additional information that was expected to be obtained by defense counsel through discovery to justify the significant increase in defense counsel's settlement valuation, and with assurances that USLI would continue to pursue settlement negotiations based on the additional information obtained through discovery.

34. In late December 2016, USLI learned for the first time that shortly after the mediation, defense counsel was instructed by the insured's personal counsel 1) to stay all discovery; 2) to conceal from USLI the fact of the discovery stay; and 3) to conceal from USLI that Defendants' personal counsel and Mr. Miranda's counsel were continuing to discuss a settlement.

35. In late December 2016, USLI also became aware that the discussions between the insured's personal counsel and Mr. Miranda's counsel were in contemplation of a Consent Judgment scheme.

36. In late December 2016, USLI was also advised by defense counsel that the Defendants' personal counsel had issued standing instructions to defense counsel to withhold all information from USLI without obtaining prior approval from the Defendants' personal attorney.

37. In late December 2016, USLI contacted the mediator requesting that the mediation be reconvened.

38. Thereafter, USLI learned for the first time that the Defendants had entered into a Consent Judgment in favor of Mr. Miranda, and had assigned their rights to Mr. Miranda.

39. After learning of the Consent Judgment entered into by the Defendants, USLI requested a copy of the Consent Judgment and the Assignment of Rights.

**Complaint for Declaratory Relief and Damages**
*United States Liability Insurance Company v. Prowler, LLC, et al.* **(Case No. 3:16-cv-00297-HRH)** Page 7 of 11

Case 3:16-cv-00297-HRH   Document 1   Filed 12/29/16   Page 7 of 11

40. The Defendants have so far refused to provide USLI with a copy of the Consent Judgment or the Assignment of Rights, as USLI has requested.

41. At no time did USLI fail to provide a proper defense to the Defendants against all claims lodged against them by Mr. Miranda.

42. At no time did USLI refuse to participate in good faith in ongoing or future settlement negotiations with Mr. Miranda.

43. At no time did USLI refuse to reevaluate, in good faith, the settlement value of Mr. Miranda's claims against the Defendants.

## V. POLICY PROVISIONS

44. The EPL Policy includes the following relevant provisions:

*VIII. DEFENSE AND SETTLEMENT*

A. The Insured shall not demand or agree to arbitration of any Claim without the written consent of the Company. **The Insured shall not, except at personal cost, make any offer or payment, admit any liability, settle any Claim, assume any obligation or incur any expense without the Company's written consent.**

\* \* \*

C. **The Company, as it deems expedient, has the right to investigate, adjust, defend, appeal** and, with the consent of the Insured, negotiate the settlement of **any Claim whether within or above the Retention**.

\* \* \*

D. **The Insured agrees to cooperate with the Company on all Claims, and provide such assistance and information as the Company may reasonably request. Upon the Company's request, the Insured** shall submit to examination and interrogation by a representative of the Company, under oath if required, and shall attend hearings, depositions and trials and **shall assist in the conduct of suits, including but not limited to effecting settlement,** securing and giving evidence, obtaining the attendance of witnesses, **giving written statements to the Company's representatives and meeting with such representatives for the purpose of investigation and/or defense,** all of the above without charge to the

**Complaint for Declaratory Relief and Damages**
*United States Liability Insurance Company v. Prowler, LLC, et al.* (Case No. 3:16-cv-00297-HRH)    Page 8 of 11

Case 3:16-cv-00297-HRH   Document 1   Filed 12/29/16   Page 8 of 11

**Company. The Insured further agrees not to take any action which may increase the Insured's or the Company's exposure for Loss or Defense Costs.**

**The Insured shall execute all papers required and shall do everything that may be necessary to secure and preserve any rights of indemnity, contribution or apportionment which the Insured or the Company may have, including the execution of such documents as are necessary to enable the Company to bring suit in the Insured's name and shall provide all other assistance and cooperation which the Company may reasonably require.**

## VI. CAUSES OF ACTION
### COUNT 1
### Declaratory Relief

45. The allegations of the preceding paragraphs are incorporated herein by reference.

46. An actual controversy exists between Plaintiff and Defendants concerning the rights and obligations of the parties under the EPL Policy. USLI is entitled to a declaration regarding these rights and obligations.

47. Without limitation, USLI is entitled to a declaration that the Defendants, through their personal counsel, unfairly and improperly interfered with USLI's right and duty to defend the underlying Lawsuit.

48. Without limitation, USLI is entitled to a declaration as a matter of law that it did not breach a duty to the Defendants by issuing a reservation of rights based on exclusions precluding coverage for punitive damages and certain bodily injury claims.

49. Without limitation, USLI is entitled to a declaration as a matter of law that it did not breach a duty to the Defendants by declining their insureds' request to waive the $1 million policy limit.

50. Without limitation, USLI is entitled to a declaration that the Defendants, through their personal counsel, unfairly and improperly interfered with USLI's right and duty to attempt to negotiate a reasonable settlement of the Underlying Lawsuit.

**Complaint for Declaratory Relief and Damages**
*United States Liability Insurance Company v. Prowler, LLC, et al.* **(Case No. 3:16-cv-00297-HRH)    Page 9 of 11**

Case 3:16-cv-00297-HRH   Document 1   Filed 12/29/16   Page 9 of 11

51. Without limitation, USLI is entitled to a declaration that it is not bound by, and is not obligated to provide coverage to the Defendants or their assigns for the Consent Judgment entered into by the Defendants.

52. Without limitation, USLI is entitled to a declaration that the conduct in violation of policy conditions, under the factual circumstances recited herein, acts as a waiver of coverage under the EPL Policy.

53. Without limitation, USLI is entitled to a declaration that the Defendants' instructions to defense counsel to stay discovery, and to conceal the fact of the stay from USLI, violated policy conditions, and under the factual circumstances recited herein, acts as a waiver of coverage under the EPL Policy.

## COUNT 2
**Breach of Contract**

54. The allegations of the preceding paragraphs are incorporated herein by reference.

55. The Defendants' actions as described herein are in breach of the terms and conditions of the EPL Policy.

56. USLI has been damaged by the Defendants' breach of the terms and conditions of the EPL Policy, in an amount to be determined at trial.

57. The Defendants' breach of the terms and conditions of the EPL Policy act as a waiver of coverage.

## COUNT 3
**Breach of the Implied Covenant of Good Faith**

58. The allegations of the preceding paragraphs are incorporated herein by reference.

59. The Defendants' actions as described herein are in breach of the covenant of good faith and fair dealing implied in every contract and the doctrine of *uberimae fidei.*

60. USLI has been damaged by the Defendants' breach of the covenant of good faith and fair dealing and the doctrine of *uberimae fidei*, in an amount to be determined at trial.

**Complaint for Declaratory Relief and Damages**
*United States Liability Insurance Company v. Prowler, LLC, et al.* **(Case No. 3:16-cv-00297-HRH) Page 10 of 11**

Case 3:16-cv-00297-HRH   Document 1   Filed 12/29/16   Page 10 of 11

## VII. PRAYER FOR RELIEF

USLI therefore prays for the following relief:

1. An Order declaring the parties' respective rights and obligations under the EPL Policy;

2. Compensatory damages in an amount to be proven at trial;

3. An award of costs and attorney's fees; including without limitation those available under Alaska Civil Rule 82; and

4. For such other relief as the Court deems just and equitable.

DATED this 29th day of December, 2016.

                                          CARNEY BADLEY SPELLMAN, P.S.

                                          By: *s/ Jeffrey D. Laveson*
                                               Jeffrey D. Laveson, WSBA No. 16351*
                                               Linda B. Clapham, WSBA No. 16735*

                                          LANE POWELL LLC

                                          By: *s/ Brewster H. Jamieson*
                                               Brewster H. Jamieson, ABA No. 8411122
                                               David M. Schoeggl, ABA No. 0511090

                                          Attorneys for Plaintiff
                                          United State Liability Insurance Group

*pro hac vice* pending

**Complaint for Declaratory Relief and Damages**
*United States Liability Insurance Company v. Prowler, LLC, et al.* (Case No. 3:16-cv-00297-HRH) Page 11 of 11

Case 3:16-cv-00297-HRH   Document 1   Filed 12/29/16   Page 11 of 11